**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| MONICA MITCHELL, | CASE NO. 17-cv-1213-WQH-RBB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| JOHN BEAN TECHNOLOGIES CORPORATION, an Illinois Corporation; ELITE LINE SERVICES, INC., a Texas Corporation; SIEMENS POSTAL, PARCEL & AIRPORT LOGISTICS, LLC, a Delaware Corporation; and DOES 1 THROUGH 100, inclusive; | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Remand to State Court filed by Plaintiff Monica Mitchell. (ECF No. 9).

**I. Background**

On May 5, 2017, Plaintiff Monica Mitchell filed a Complaint in the Superior Court of the State of California for the County of San Diego against Defendants John Bean Technologies Corporation; Elite Line Services, Inc.; and Siemens Postal, Parcel & Airport Logistics, LLC[1]. (ECF No. 1 at 7). In the Complaint, Mitchell alleges claims for (1) strict product liability, (2) design defect, (3) failure to warn, (4) product liability,

---

[1] Mitchell's claims against Siemens Postal, Parcel & Airport Logistics, LLC have been dismissed. (ECF No. 1 at 26).

(5) failure to maintain, and (6) negligent repairs. *Id.* On June 14, 2017, Defendants John Bean Technologies Corporation ("JBT") removed this action to federal district court pursuant to 28 U.S.C. §§ 1441(a) and 1446. *Id.* at 1. On July 10, 2017, Mitchell filed a Motion to Remand to State Court. (ECF No. 9). On July 31, 2017, JBT filed a Response in Opposition to the Motion to Remand. (ECF No. 10). On August 7, 2017, Mitchell filed a Reply to JBT's Response. (ECF No. 11).

## II. Allegations in the Complaint

> On or about July 18, 2015, Plaintiff Monica Mitchell was employed as a customer service agent for Delta Airlines at Gate 38 in the San Diego International Airport, Terminal 2. On this July 2015 day, Plaintiff was . . . charged with preparing the passenger boarding bridge . . . bearing serial number 38246, (hereinafter "Subject Bridge") . . . . Upon notice that it was time to prepare the Subject Bridge for boarding, Plaintiff proceeded down the Subject Bridge from the gate towards the rotunda, where unbeknownst to Plaintiff, there was a hazardous water puddle that had formed from rain leaking in from the Subject Bridge ceiling. As a consequence of this slip hazard from the leaks in the defective and/or poorly maintained Subject Bridge, . . . Plaintiff . . . slipped on the puddle of water . . . and fell to the ground. Plaintiff sustained serious injuries . . . .

(ECF No. 1 at 9-10).

> As a direct and proximate result of this injury, Plaintiff has suffered a right knee sprain, right knee meniscal tear, a right lumbar strain and chronic pain syndrome. . . . Plaintiff has received medical care, including surgery, through multiple providers, to include services provided by primary care, orthopedics, physical medicine, pain management, physical therapy, and chiropractic care. Plaintiff's right knee and low back still, on occasion, continue to cause pain and weakness.

*Id.* at 11. Plaintiff's "damages include: pain and suffering; physical disability and/or impairment; mental anguish; expenses related to care of said injuries; as well as other economic and non-economic damages." *Id.* at 15.

## III. Complete Diversity

Mitchell contends that this case should be remanded to state court because "complete diversity does not exist." (ECF No. 9-1 at 5). Mitchell contends that complete diversity does not exist because Delta Air Lines, Inc. ("Delta") intends to

1 intervene as a plaintiff in this action and, like JBT, is a Delaware corporation. *Id.* at 5-6. JBT contends that "[c]omplete diversity exists between all parties *in this case*" because all of the current parties are diverse and Delta's "potential intervention is not determinative of diversity jurisdiction." (ECF No. 11 at 6).

28 U.S.C. § 1332(a)(1) gives district courts original jurisdiction over civil actions "between . . . citizens of different states" if the amount in controversy exceeds $75,000. "Since *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806), [the United States Supreme Court] ha[s] read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). 28 U.S.C. § 1441(a) gives defendants the opportunity to remove a civil action over which a federal district court would have original jurisdiction from state court to a federal district court.[2]

The parties agree that there is complete diversity between all plaintiffs and all defendants currently in this case: Mitchell is a citizen of California, JBT is a citizen of Delaware, and Elite Line Services, Inc. is a citizen of Florida. (ECF No. 9-1 at 6; ECF No. 10 at 6). Delta is not currently a plaintiff or defendant in this case. Consequently, Delta's citizenship is irrelevant to whetehr complete diversity exists. Mitchell's motion to remand due to a lack of complete diversity is denied.

**IV. Amount in Controversy**

Mitchell contends that this case should be remanded because JBT has failed to prove that the amount in controversy exceeds $75,000. (ECF No. 9-1 at 3-5). JBT contends that this case should not be remanded because JBT has "demonstrate[d that] the jurisdictional amount is in controversy." (ECF No. 11 at 3-6).

"If the plaintiff's complaint, filed in state court, demands monetary relief of a

---

[2] 28 U.S.C. 1441(b) prevents defendants from removing a case if any defendant is a citizen of the state in which the action is brought. None of the Defendants in this case are citizens of California, the state in which this action was brought, so 28 U.S.C 1441(b) does not require remand.

stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(c)(2)). When the complaint does not state the amount in controversy, a defendant may allege the amount in controversy in its notice of removal and "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 551, 553 (quoting 28 U.S.C. § 1446(c)(2)(A)). "If the plaintiff contests the defendant's allegation, . . . '[r]emoval . . . is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553-54 (quoting 28 U.S.C § 1446(c)(2)(B)). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554.

When the parties are required to submit proof of the amount in controversy, district courts may allow limited discovery relevant to that issue and "require parties to submit summary-judgment-type evidence." *Abrego Abrego v. The Dow Chemical Company*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). The district court's "jurisdictional finding of fact should be based on more than guesswork." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013).

In this case, the amount in controversy is not facially apparent from the Complaint, which alleges that Mitchell "seeks damages in excess of $25,000." (ECF No. 1 at 9). In the Notice of Removal, JBT "asserts . . . that the amount in controversy exceeds $75,000." *Id.* at 4. Mitchell contests JBT's amount-in-controversy allegation. (ECF 9-1 at 3-5). Consequently, the Court must find, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B).

The Court may order limited discovery on this issue.  *See Abrego,* 434 F.3d at 676 (quoting *Singer*, 116 F.3d at 377).

JBT bases its assertion that the amount in controversy is greater than $75,000 "on the allegations in the Complaint that the Plaintiff has suffered a right knee sprain, right knee meniscal tear, a right lumbar strain and chronic pain syndrome requiring surgery through multiple providers and will continue to suffer physical disability and/or impairment."  (ECF No. 1 at 4).  Based on the nature of Mitchell's alleged injuries, the amount in controversy may exceed $75,000.  However, concluding that the amount in controversy exceeds $75,000 based on the allegations in the Complaint would be akin to making a "jurisdictional finding of fact . . . based on [little] more than guesswork."  *Mondragon*, 736 F.3d at 884.  The Court concludes that "a more satisfactory showing of the facts is necessary" before it can rule on whether the amount in controversy satisfies the jurisdictional threshold.  *Boschetto*, 539 F.3d at 1020.  The court will allow the parties a period of 60 days to engage in limited jurisdictional discovery regarding the amount in controversy requirement.

## V. Conclusion

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 9) will remain pending during the period of jurisdictional discovery.  The parties shall file any supplemental responses within 90 days of this Order, and any replies shall be filed within 14 days of any supplemental response.  Any discovery disputes will be resolved by the Magistrate Judge.

DATED:  October 18, 2017

**WILLIAM Q. HAYES**
United States District Judge